## FIRST CHROLD CORPORATION v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 6696.

Circuit Court of Appeals, Third Circuit.

May 26, 1938.

John E. McClure, of Washington, D. C. (Maude Ellen White and Miller & Chevalier, all of Washington, D. C., of counsel), for petitioner.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Special Assts. to Atty. Gen., for respondent.

Before BUFFINGTON and BIGGS, Circuit Judges, and DICKINSON, District Judge.

*Rehearing denied June 28, 1938.

DICKINSON, District Judge.

This is an income and excess profits tax case. The taxpayer corporation bought of some of its stockholders shares of stock, paying therefor less than its par value. It later sold the stock at a higher price. Was the difference between the selling and purchase price taxable income? The taxpayer thought not and excluded this sum from its taxable income return. The Commissioner thought otherwise, and served the taxpayer with a deficiency notice. The taxpayer appealed to the Board of Tax Appeals, which upheld the Commissioner. The taxpayer has asked for this review of the ruling of the Board.

We treat the case as presenting but one question. A corporation which purchases shares of its own stock for less than the sum for which it was issued and then retires the stock may have been advantaged by the transaction in a sense but the real gain is by its remaining stockholders and not by the corporation as such. The change affected is merely a change in the capital structure. The Treasury Regulations so stated and the Courts have so ruled. Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570.

A corporation, however, if so authorized by law, may make the stock of other corporations the subject of purchase and sale precisely as in the case of any other form of property. Any gain from such a transaction is clearly taxable income. A corporation may in fact thus buy and sell its own stock. The gain, if any, is as much a gain as if the transaction was in property other than its own stock. The corporation receives this profit. Its capital structure is not affected. Whether transactions by a corporation in its own stock is a capital or income transaction thus depends upon what the transaction was. The amended Regulations recognize this distinction.

The answer of which we are in search to the question presented, may be made to turn on the nature of shares in the capital stock of a corporation. They are what the word "shares" implies. The relation of corporation and shareholder is not the relation of debtor and creditor otherwise perhaps than in a secondary and remote sense. It is not easy to get in theory the concept of a corporation owning a share of itself and is perhaps not possible. Corporate shares are however easily thought of as property which may be bought and

sold as are other kinds of property. A corporation may in a practical sense so deal in its own stock. When it does, the fact that it is its own stock, is ignored. We know this because corporations do so deal in their own stocks by buying and selling as they buy and sell other property, and this corporation did that very thing here. We are unable to accept the proposition that what it did in fact may be by the use of mental gymnastics turned into the theory that it was not buying and selling its stock as property but when it purchased was reducing the total sum of its capital stock and when it sold expanding its capital. A fairly good test of whether a gain is an income gain or a capital gain is whether it is distributable in dividends payable out of profits. This corporation bought shares of its stock at a price and sold it at a higher price. It in fact had taken in more than it had paid out and had the gain in hand. This was, considered of itself, properly distributable in dividends payable out of profits.

The answer to the question presented depends upon whether it is made to turn upon a theory or a fact. In theory a corporation cannot own a share in itself. When it purchases shares in itself, it thereby reduces its capital. When it reissues the stock it increases its capital. The transaction is a capital transaction. In fact corporations do buy and sell their own corporate shares, as they buy and sell other forms of property, ignoring, as we have said, the fact that the shares are their own. These are "as if" transactions. The shares are bought and sold as if they were not the corporation's own shares. The capital of the corporation is not affected and the transactions are not capital transactions. If the subjects of purchase and sale were, as is assumed, not the corporation's own shares, the gain, if any, would be an income gain.

The real question thus becomes one of what the transaction in truth was. Here it was one of the purchase and sale of property. It must of course be admitted that when a corporation has a debt obligation which it acquires by purchase from the holder, its gain, if any, is in its relief from a part of its debt. Here there was an understanding, which may be characterized as a gentleman's agreement, that the corporation would take off the hands of dissatisfied subscribers to its stock, their holdings. The corporation lived up to the spirit of this understanding. It was, however, not an agreement enforceable by law. The shares purchased by the corporation were bought in fulfilment of this understanding. The promise to purchase merely supplied the motive for the purchase. There was no debt obligation in the sense of a legal obligation.

The petition for a review of the decision of the Board of Tax Appeals is denied, and the ruling of the Board affirmed, with costs to the respondent.